CAFETEROS DE PUERTO RICO, Plaintiff and Appellee, *v.* TREAS-URER OF PUERTO RICO, Defendant and Appellant.

No. 8947. Argued January 10, 1945.—Decided January 15, 1945.

*Jesús A. González, Acting Attorney General,* and *Carmen B. Hernández, Deputy Attorney General,* for appellant. *Erasto Arjona Siaca* for appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

The District Court of Ponce relying on the case of *Compañía Cervecera de Puerto Rico* v. *Buscaglia, Treasurer,* 62 P.R.R. 829, dismissed a motion for a change of venue filed by the defendant. In this appeal the defendant contends that the change of venue lies and that this case should be governed by the ruling in *Legarreta* v. *Treasurer,* 55 P.R.R. 20, which was distinguished but not overruled in the case of *Compañía Cervecera de Puerto Rico, supra.*[1]

---

[1] In this case we stated on p. 831:

"A mere reading of that decision shows that the same is not applicable to the facts of the case at bar. In the *Legarreta* case, *supra,* the complaint failed to allege any 'affirmative act on the part of the Treasurer which affected the personal or property rights of the plaintiff,' whereas in the instant case such acts are alleged—demand for payment, attachment of property, and notice for public sale thereof—which facts the defendant, by virtue of the demurrer, accepted as true for the purpose of the motion for a change of venue."

Let us examine the allegations of the complaint which were accepted as true by virtue of the demurrer that was attached to defendant's motion for a change of venue, in order to determine whether there is alleged therein any affirmative act on the part of the Treasurer of Puerto Rico which directly interferes with the personal or property rights of the plaintiffs, which is the element acquired by subdivision 2 of § 79 of the Code of Civil Procedure as the same was construed in the *Legarreta* case, *supra.*[2]

Even though the complaint consists of four causes of action, in so far as the question involved in this appeal is concerned, it alleges, in brief, that the defendant as Treasurer of Puerto Rico demanded from the plaintiffs payment of $37,314.93 as special taxes on coffee; that said demand for payment is void for various reasons; that the plaintiffs called the attention of the defendant to the fact that they were not bound to pay said taxes and that the defendant insisted on his demand and granted them a period of 10 days to make payment, threatening them "to attach their property, in default of payment, . . . and to foreclose them by the ordinary judicial procedure"; that there exists the fear and danger that the properties of the plaintiffs be attached and sold at public auction for the recovery of the taxes.

We are of the opinion that the appellant is correct in his theory that, in view of these allegations, his case should be governed by *Legarreta* v. *Treasurer, supra,* and not by *Compañía Cervecera de Puerto Rico* v. *Buscaglia, Treasurer, supra.*

---

[2] After citing several California decisions in said case we stated on p. 23 the following:

"As Section 79, paragraph 2, of the Code of Civil Procedure was copied from Section 393 of the California Code, it is presumed that the Porto Rican Legislature adopted it with the interpretation which had been given it in California. Therefore, we should accept the interpretation which has been given it by the Supreme Court of California. This being so, we must conclude that paragraph 2 of Section 79 of the Code of Civil Procedure is not applicable to the present case, which is a simple suit to recover taxes, there being no allegation whatsoever as to any affirmative act of the official, the Treasurer of Puerto Rico, which affected the personal or property rights of the complainant."

A mere demand for payment of taxes, even when a threat is subsequently made to the effect that in default of payment the property will be attached and sold for the recovery thereof, does not constitute *per se* an affirmative act on the part of an officer which directly interferes with the personal or property rights of the complaining person. It was thus decided in the *Legarreta* case, *supra,* wherein it was only alleged that the taxes had been illegally levied and collected and that the plaintiff had paid under protest. This is a similar case and differs from that of *Compañía Cervecera, supra,* in the essential fact that the defendant did not attach at any time plaintiffs' property nor did he advertise the public sale thereof. Furthermore, it appears from the record that the plaintiffs obtained from the lower court an order to secure the effectiveness of the judgment that might be rendered, enjoining the defendant from attaching the property of the plaintiffs.

For the reasons stated the order denying the change of venue must be reversed and another rendered instead granting the transfer to the District Court of San Juan.